IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY GEORGE LANE, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0053-L |
| | § | |
| RED OAK POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Billy George Lane, Jr., an inmate in the Ellis County Detention Center, against the Red Oak Police Department and the Ellis County Judicial System. On January 9, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on February 13, 2006. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Although his pleadings are difficult to decipher, it appears that plaintiff asserts two distinct claims against the Red Oak Police Department and the Ellis County Court System. His complaint against the police arises from an incident on September 8, 2004 at a Red Oak beauty salon. After plaintiff "alarmed" customers at the salon, he alleges that several firemen rushed to the premises, sprayed him with mace, and carried him to a nearby police car. Unidentified police officers then used pepper spray on plaintiff before tightly applying handcuffs on his writs and placing him in the vehicle. While in the police car, plaintiff began to hyperventilate and "accidently" kicked out a window. The officers then jerked plaintiff out of the vehicle and placed him in another patrol car. Plaintiff proceeded to kick out a window in that car. At some point, plaintiff lost consciousness and he was taken to a local hospital by ambulance.

When plaintiff awoke the next day, he was in a holding cell at the Ellis County Detention Center. Three days later, plaintiff discovered that he had been charged with attempted sexual assault, escape from custody, indecent exposure, resisting arrest, and two counts of criminal mischief. Plaintiff subsequently pled guilty to all charges. He was sentenced to four years in prison on the felony counts and time served on the misdemeanor counts. Plaintiff now contends that the prosecutor and his court-appointed lawyer coerced his guilty plea by threatening to try his cases separately and "stack" his sentences. By this suit, plaintiff wants his case heard in federal court and seeks an investigation of the Ellis County judicial system.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (1)   is frivolous or malicious;
>
>   (2)   fails to state a claim upon which relief can be granted; or
>
>   (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the only defendants named in his complaint.  Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit.  *See, e.g. Johnson v. Dallas City Police Dep't.*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 15, 2005) (Dallas police department not a proper defendant with jural existence); *Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same as to Dallas County Jail); *Magnett v. Dallas Co. Sheriff's Dep't*, No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (same as to Dallas County Sheriff's Department).

Plaintiff has the burden of showing that the Red Oak Police Department and the Ellis County Judicial System have the capacity to be sued. However, plaintiff fails to allege or otherwise demonstrate that such defendants are separate legal entities having jural authority. For that reason alone, dismissal is proper.

C.

In addition, all claims arising out of plaintiff's arrest and subsequent conviction are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

1.

It is "not always clear" how *Heck* applies to claims of excessive force. *See Arnold v. Town of Slaughter*, No. 03-30941, 2004 WL 1336637 at *2 (5th Cir. Jun. 14, 2004), *cert. denied*, 125 S.Ct. 429 (2004). However, where a plaintiff has been convicted of resisting arrest, success on an excessive force claim will necessarily imply the invalidity of the underlying conviction and thus invoke the rule in *Heck*. *See Polk v. Dickens*, No. 3-00-CV-2818-G, 2001 WL 184229 at *2 (N.D. Tex. Feb. 2, 2001).

Under Texas law, the use of force to resist arrest is justified only if, *inter alia*, the arresting officer uses unnecessary force "*before* the actor offers any resistance." TEX. PENAL CODE ANN. §

9.31(c)(1) (Vernon Supp. 2003) (emphasis added); *Darty v. State*, 994 S.W.2d 215, 219 (Tex. App.--San Antonio 1999, pet. ref'd). The Fifth Circuit addressed a factually similar situation in *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999). The plaintiff in *Sappington* sued several police officers for use of excessive force in making an arrest. Plaintiff admitted that he had physical contact with the defendants, but only after he had been beaten by the officers and sprayed with mace. Defendants argued that plaintiff's excessive force claim was barred by *Heck* because he was subsequently convicted of assaulting a peace officer. The court agreed. Although recognizing that plaintiff might have a viable claim if he offered some resistance before the defendants used force against him, the court held that "this theoretical situation . . . is completely at odds with the summary judgment record." *Id.* at 236. Since plaintiff offered no resistance before the use of force, he was entitled to raise the defense of self-defense to the criminal charge. Under these circumstances, plaintiff's excessive force claim necessarily implied the invalidity of his criminal conviction. *Id.* at 236-37. *See also Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996); *Page v. Williams*, No. 3-02-CV-1891-D, 2004 WL 1118745 at *3 (N.D. Tex. May 19, 2004), *rec. adopted*, 2004 WL 1238234 (N.D. Tex. Jun. 3, 2004); *Agyekum v. Chief of Police*, No. 3-99-CV-0362-BD, 2000 WL 1175655 at *3 (N.D. Tex. Aug. 18, 2000).

The same is true in this case. Here, plaintiff was charged with resisting arrest. Accepting his version of the encounter with the police officers, plaintiff offered no resistance before he was handcuffed and sprayed with mace. These facts, if proved, may give rise to a claim of self-defense under Texas law. *See Letson v. State*, 805 S.W.2d 801, 805 (Tex. App.--Houston [14th Dist.] 1990, no pet.) (defendant required to show excessive force on part of police officer before justification of self-defense is available). As such, plaintiff's excessive force claim necessarily implies the invalidity of his conviction for resisting arrest and is barred by *Heck*.

2.

Nor can plaintiff sue for civil rights violations based on events that occurred during his criminal trial. In his interrogatory answers, plaintiff admits that he has not challenged his convictions on direct appeal or state collateral review. (*See Spears* Quest. #4-5). Because no court has ever determined that the terms of his confinement are invalid, plaintiff is precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See Celestine v. 27th Judicial District Court*, 70 Fed.Appx. 232, 2003 WL 21729414 at *1 (5th Cir. Jul. 25, 2003), *cert denied,* 124 S.Ct. 1465 (2004) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction).[2]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] To the extent plaintiff seeks an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, plaintiff has not exhausted his state remedies by presenting the factual and legal basis of his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Tex. Code Crim. Proc. art. 11.07. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

DATED: February 15, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE