*[handwritten: ORIGINAL]*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAR I 3 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY GEORGE LANE, JR.,                    §
                                           §
            Plaintiff,                     §
                                           §
v.                                         §        Civil Action No. 3:06-CV-0053-L
                                           §
RED OAK POLICE DEPARTMENT, et al.,         §
                                           §
            Defendants.                    §

## ORDER

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. *Pro se* Plaintiff Billy

George Lane, Jr. ("Plaintiff") is proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b), and

an order of the court in implementation thereof, this action was referred to the United States

magistrate judge for proposed findings and recommendation. On February 15, 2006, the Findings

and Recommendation of the United States Magistrate Judge were filed, to which objections were

filed.[1]

The magistrate judge recommends that Plaintiff's complaint be summarily dismissed as

frivolous pursuant to 28 U.S.C. § 1915(e)(2) because: (1) Plaintiff did not satisfy the conditions set

forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) Plaintiff has sued Defendants Red Oak

Police Department and the Ellis County Judicial System, which have no separate jural existence and

are therefore not subject to suit in this civil rights action. Findings and Recommendation at 3-6.

Additionally, the magistrate judge noted that to the extent Plaintiff seeks an order releasing him from

---

[1]Although not titled as "Objections," the court received a letter from Plaintiff on February 27, 2006, which appears to be his objections to the magistrate judge's Findings and Recommendation. The court will treat the letter as Plaintiff's Objections.

Order – Page 1

custody, the court should construe his complaint as an application for writ of habeas corpus, which should be denied for failure to exhaust available state remedies. *See id.* at 6 n. 2.

In his Objections, Plaintiff states that he is innocent and currently seeking legal counsel to assist him. He also requests that he receive standard habeas forms, because the county will not furnish them. Though difficult to decipher, Plaintiff also appears to be requesting an appeal of any dismissal of his case. As Plaintiff's Objections do not specifically challenge the magistrate judge's findings and recommendation, the court **overrules** Plaintiff's Objections.[2]

Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and Plaintiff's February 27, 2006 Objections, the court determines that the findings are correct. The magistrate judge's findings are accepted as those of the court. Accordingly, Plaintiff's § 1983 complaint is **dismissed with prejudice** as frivolous until such time that he satisfies the conditions of *Heck v. Humphrey* and sues entities with proper jural existence. To the extent Plaintiff's complaint can be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254, it is **dismissed without prejudice** for failure to exhaust state remedies.

Final judgment will issued by separate document.

**It is so ordered** this *10th* day of March, 2006.

Sam A. Lindsay
United States District Judge

---

[2]To the extent Plaintiff seeks to appeal this order of dismissal, the court directs him to the Federal Rules of Appellate Procedure.

**Order – Page 2**